**AFFIRMED; Opinion Filed August 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01515-CV

**TXU ENERGY RETAIL COMPANY L.L.C., Appellant**
**V.**
**FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-14961**

## OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

In this interlocutory appeal, TXU Energy Retail Company L.L.C. challenges the trial court's order granting Fort Bend Independent School District's plea to the jurisdiction and motion for summary judgment in a dispute involving an electricity supply contract. TXU generally contends the District waived governmental immunity from suit pursuant to the Local Government Contract Claims Act. Specifically, TXU argues the agreement at issue was pursuant to a "blend and extend" provision that was contemplated in the District's competitive bidding process for the original contract. TXU also contends the District waived governmental immunity from suit by its conduct, including accepting benefits under the contract and making representations and warranties concerning the validity of the agreement. For the reasons that follow, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2010, the District solicited competitive bids for the District's electricity needs for the procurement period from June 1, 2011, through May 31, 2013.  The request asked bidders to provide rates and terms for both the twelve-month period ending May 31, 2012, and the twenty-four-month period ending May 31, 2013.  The District indicated it would be evaluating the bids on various enumerated criteria, including "blend and extend availability."[1]  But the bid information did not specify any length of term for any blended and extended proposal.  TXU bid on, and was ultimately awarded, a one-year contract for the period of June 1, 2011, through May 31, 2012, with TXU holding an option to extend the contract for an additional year through May 31, 2013.  The parties' agreement consisted of a "Base Contract for Supply of Electricity" together with a "Transaction Confirmation for Supply of Electricity," both of which were executed in May 2010.  The kilowatt/hour price and contract period were set forth in the transaction confirmation.  The blend and extend provision was also set forth in the transaction confirmation.  That provision provided as follows:

> BLEND AND EXTEND Both Parties will work in good faith during the Agreement Term to reasonably accommodate and assist Buyer with the management of its electricity needs at the Premises.  For example, if Buyer desires to blend and extend the Agreement Term (i.e., blending the existing price, on a prospective basis, with a new market based price for a time period extending the term of the existing Agreement), both Parties will work in good faith to mutually agree upon the terms and conditions that are economically viable to both Parties.  However, notwithstanding the previous language, nothing contained herein shall be construed as to deny or diminish the economic benefit of the Agreement to either Party, and neither Party shall be under any obligation whatsoever to agree to a modification that would have such result.

In September 2011, the District entered into an agreement with TXU pursuant to the blend and extend provision that updated the pricing beginning June 1, 2012, extended the

---

[1] According to TXU, a blend and extend provision allows the buyer to immediately take advantage of price decreases and hedge against future price increases by blending the fixed contract rate with the lower market rate over an extended term rather than waiting for the original contract term to expire.

primary contract period to May 31, 2014, and gave TXU the option to extend the term until June 2015.[2] It is undisputed that the 2011 agreement extended the term of TXU's contract with the District beyond the term of the 2010 competitive bid procurement period which ended May 31, 2013. In the fall of 2012, the District determined that the extended term in the 2011 agreement was not competitively procured as required by section 44.031 of the Texas Education Code. The District then notified TXU it would not purchase electricity from it after June 2013.

The District solicited competitive bids for a new contract term beginning on August 1, 2013. Although TXU submitted a bid for the new contract, the District ultimately awarded the contract to another electricity provider. In December 2013, TXU sued the District asserting claims for breach of contract and, alternatively, promissory estoppel. The District filed a plea to the jurisdiction and motion for summary judgment asserting the 2011 agreement was void because it violated the competitive bidding requirements of section 44.031 of the education code. It argued that because the 2011 agreement was void and unenforceable, it was neither "authorized by statute" nor "properly executed" as required for governmental immunity to be waived pursuant to the Local Government Contract Claims Act. The trial court granted the District's plea and motion and dismissed with prejudice TXU's claims with the exception of TXU's claim based on the 2010 contract.[3] TXU filed this interlocutory appeal.

---

[2] The 2011 agreement is reflected in a new transaction confirmation that expressly superseded the May 2010 transaction confirmation. The September 2011 transaction confirmation set forth a new primary contract term. TXU characterizes the 2011 parties' exercise of the blend and extend provision as a "contract extension," while the District refers to the 2011 agreement as a "new contract." Our analysis is the same irrespective of what the parties call the 2011 agreement.

[3] After the hearing on the plea to the jurisdiction and motion for summary judgment but before signing its order, the trial court granted TXU's motion to file a second amended petition adding a breach of contract claim based on the base contract and addendum. That claim is still pending in the trial court.

ANALYSIS

We review de novo a trial court's ruling on a plea to the jurisdiction asserting governmental immunity.[4]  *Hoff v. Nueces Cty.*, 153 S.W.3d 45, 48 (Tex. 2004).  Where, as here, there was evidence presented to the trial court on the immunity issue, we consider the evidence in the record when necessary to resolve the jurisdictional issues raised.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).  If the evidence raises a fact issue concerning jurisdiction, the plea must be denied.  *Id*. at 227–28.  Alternatively, if the evidence fails to raise a fact issue or is undisputed, the plea to the jurisdiction is ruled on as a matter of law.  *Id*. at 228.

Generally, absent an express legislative waiver, school districts are governmental units that enjoy governmental immunity from lawsuits for damages.  *See Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 185 (Tex. App.—Dallas 2012, pet. denied).  To preserve the Legislature's interest in managing state fiscal affairs, a statute shall not be construed as a waiver of governmental immunity unless the waiver is effected by clear and unambiguous language.  TEX. GOV'T CODE ANN. § 311.034 (West 2013).

Section 271.152 of the Local Government Contract Claims Act provides a limited waiver of immunity for public school districts authorized by statute or constitution to enter into a contract and that enter into a contract subject to the Act.  *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005); *Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 108 (Tex. 2014).  To come within the waiver, the contract must be in writing,

---

[4] Courts often use the terms "sovereign immunity" and "governmental immunity" interchangeably.  However, "sovereign immunity" refers to the State's immunity from suit and liability, while "governmental immunity" protects political subdivisions of the State, including counties, cities, and school districts.  *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 702 n.3 (Tex. 2003).  We will generally refer to the alleged immunity in this case as governmental immunity.

properly executed, and state the essential terms of the agreement providing goods or services to the school district. *See* TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A) (West Supp. 2014).

The District successfully argued in the trial court that because the 2011 agreement violates the competitive bidding requirements of section 44.031 of the education code, it is void and immunity is not waived pursuant to section 271.152. Specifically, the District argued that because the 2011 agreement was void, it could not have been properly executed or authorized by statute as required by section 271.152. TXU's argument under its first issue is limited to addressing whether the 2011 agreement complies with the education code's competitive bidding requirements and, thus, satisfies the requirements for the waiver of immunity in section 271.152 to apply to its breach of contract claim.

Section 44.031 of the Texas Education Code requires that contracts with the District for goods and services valued at $50,000 or more be competitively procured. *See* TEX. EDUC. CODE ANN. § 44.031(a) (West Supp. 2014). It is undisputed that the District's original one-year contract with TXU contained a blend and extend provision and was competitively bid. TXU contends that because the blend and extend provision was in the original one-year contract, any extension period the parties agreed to pursuant to that provision was necessarily competitively bid and no additional competitive procurement process was required. TXU asserts nothing in the education code prohibits the use of blend and extend provisions in electricity contracts. TXU further contends that once notice of the District's request for blend and extend availability is provided in a competitive solicitation for bids under section 44.031, there is no authority for declaring void a contract extension pursuant to the blend and extend provision.

TXU's arguments miss the mark. The question here is not whether the blend and extend provision was generally valid or whether the 2011 agreement was entered into pursuant to a valid blend and extend provision. Instead, the dispositive issue is whether the 2011 agreement

–5–

negotiated pursuant to a blend and extend provision is valid and enforceable when it clearly exceeds the contract term period applicable to the original competitive procurement period.

Taking TXU's argument to its logical extreme, the blend and extend provision would permit the parties to extend their agreement for a duration many multiples of the two-year maximum contract period in the bid information, such as for fifty years. Such a result would circumvent the purpose of the competitive bidding statute. We conclude that section 44.031(a) does not authorize the 2011 agreement because it extends the contract term beyond that identified in the 2010 competitive procurement period. Compliance with competitive bidding statutes is mandatory, and if the requirements of the law are not met, the contract is void. *See Tex. Highway Comm'n v. Tex. Ass'n of Steel Imps., Inc.*, 372 S.W.2d 525, 530 (Tex. 1963); *Richmond Printing v. Port of Houston Auth*., 996 S.W.2d 220, 224 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Section 271.152 was enacted by the Legislature "to loosen the immunity bar so 'that *all* local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts.'" *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006) (quoting HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS TEX. H.B. 2039, 79th Leg., R.S. 2005) (emphasis in opinion)). Here, the District was not statutorily authorized to enter into an agreement with TXU that violated the competitive bidding requirements of section 44.031. For section 271.152's waiver of immunity to apply, however, a governmental entity "must be authorized by statute or the constitution to enter into a contract and . . . enter[ ] into a contract subject to [the Act]." TEX. LOC. GOV'T CODE ANN. § 271.152. Because the District was not statutorily authorized to enter into the 2011 agreement, the waiver

of immunity afforded by section 271.152 is inapplicable. We resolve TXU's first issue against it.

In its second issue, TXU argues that even if the 2011 agreement is void, the trial court's judgment should be reversed because "an implied contract between TXU and the District exists such that the District has waived governmental immunity through its conduct."[5] The supreme court and other appellate courts, including this Court, have consistently refused to recognize a waiver-by-conduct exception in breach of contract suits against governmental entities. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011) (allowing waiver-by-conduct exception in breach of contract cases against government thwarts Legislature's balance of competing private and public interest); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (rejecting waiver-by-conduct argument in breach of contract); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002) ("[I]t is the Legislature's sole province to waive or abrogate sovereign immunity."); *Gentilello v. Univ. of Tex. Sw. Health Sys.*, No. 05-13-00149-CV, 2014 WL 1225160, at *5 (Tex. App.—Dallas Mar. 24, 2014, pet. denied) (mem. op.); *Univ. of N. Tex. v. City of Denton*, 348 S.W.3d 44, 55 n.15 (Tex. App.—Fort Worth 2011, no pet.). We therefore decline TXU's invitation to establish a waiver-by-conduct exception here. *See City of McKinney v. Hank's Rest. Grp., L.P.*, 412 S.W.3d 102, 114 (Tex. App.—Dallas 2013, no pet.) ("Any judicial abrogation of governmental immunity should be undertaken by the supreme court."). We resolve TXU's second issue against it.

---

[5] The District asserts that TXU waived any complaint with respect to the trial court's dismissal of its promissory estoppel claim by failing to address it in its opening brief. In its reply brief, TXU counters that its "waiver by conduct" argument relates to its promissory estoppel claim. TXU acknowledges, however, its promissory estoppel claim stands or falls on its waiver-by-conduct argument.

We affirm the trial court's order granting the District's plea to the jurisdiction and motion for summary judgment.



/David W. Evans/
DAVID EVANS
JUSTICE

141515F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TXU ENERGY RETAIL COMPANY
L.L.C., Appellant

No. 05-14-01515-CV          V.

FORT BEND INDEPENDENT SCHOOL
DISTRICT, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-14961
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

In accordance with this Court's opinion of this date, the trial court's order granting Fort Bend Independent School District's plea to the jurisdiction and motion for summary judgment is **AFFIRMED**.

It is **ORDERED** that appellee Fort Bend Independent School District recover its costs of this appeal from appellant TXU Energy Retail Company L.L.C.

Judgment entered this 25th day of August, 2015.