

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00638-CV

**HARLANDALE INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

**JASMINE ENGINEERING, INC.**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-02459
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: March 11, 2020

AFFIRMED

The trial court denied appellant Harlandale Independent School District's third plea to the jurisdiction, and this interlocutory appeal followed. We affirm the trial court's order.

### BACKGROUND

Harlandale Independent School District (the "District") and appellee Jasmine Engineering, Inc. entered into a Professional Services Agreement ("PSA") in 2012. The PSA was subsequently amended six times. In January 2018, the District informed Jasmine Engineering that the PSA was terminated without cause. Jasmine Engineering then sued the District for breach of contract,

alleging that the PSA required cause to terminate. After the District filed its first plea to the jurisdiction, Jasmine Engineering amended its pleadings. After the trial court denied the District's second plea to the jurisdiction, we considered the case on interlocutory appeal and held that Jasmine Engineering could pursue a partial motion for summary judgment as to liability. *See Harlandale Indep. Sch. Dist. v. Jasmine Eng'g, Inc.*, No. 04-18-00388-CV, 2018 WL 5623612, at *3 (Tex. App.—San Antonio Oct. 31, 2018, pet. denied) (mem. op.).

Upon remand, the District filed a third plea to the jurisdiction, which we now consider. In its third plea, the District does not challenge Jasmine Engineering's pleadings, but instead challenges the existence of jurisdictional facts. The District attached to its plea a final investigative report made by the Texas Education Agency ("TEA"). In the report, TEA presents its findings and conclusions that the District and its representatives violated state law when the District entered into and later amended the PSA. The District argues that Jasmine Engineering cannot demonstrate a valid waiver of the District's governmental immunity because the TEA determined that the PSA was made and amended in violation of contracting statutes and a contract made in violation of the law does not waive governmental immunity. The trial court denied the District's third plea, and the District appealed.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea challenges the pleadings, we liberally construe the pleadings, accept all factual allegations as true, and look to the plaintiff's intent. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). If the plea challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's

favor. *Miranda*, 133 S.W.3d at 227–28. This standard generally mirrors that of a traditional summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). "Thus, the burden is on the governmental entity, as the movant, to present evidence establishing the trial court lacks jurisdiction as a matter of law. Thereafter, the burden shifts to the plaintiff to demonstrate a disputed issue of material fact exists regarding the jurisdictional issue." *City of Shavano Park v. Ard Mor, Inc.*, No. 04-14-00781-CV, 2015 WL 6510544, at \*3 (Tex. App.—San Antonio Oct. 28, 2015, no pet.) (mem. op.) (citing *Miranda*, 133 S.W.3d at 228). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the factfinder. *Miranda*, 133 S.W.3d at 227–28. If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### GOVERNMENTAL IMMUNITY[1]

"Governmental units, including school districts, are immune from suit unless the state consents." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). An assertion of governmental immunity implicates the trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction, motion for summary judgment, or other procedural vehicle. *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019); *Alamo Heights*, 544 S.W.3d at 770. The issue of immunity may also be raised for the first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Whether a trial court has subject matter jurisdiction is a legal question that we review de novo. *Miranda*, 133 S.W.3d at 226.

---

[1] For convenience, we use the terms governmental immunity and sovereign immunity interchangeably; however, the terms involve distinct concepts. Sovereign immunity refers to the state's immunity from suit and liability, while governmental immunity protects political subdivisions of the state. *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 747 n.1 (Tex. 2017); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

A plaintiff must establish the state's consent to suit, which may be alleged by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). For the legislature to validly waive sovereign immunity, it must consent to suit by "clear and unambiguous" statutory language. TEX. GOV'T CODE ANN. § 311.034; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex. 2006). Any ambiguity in a statute must be resolved in favor of retaining immunity. *Tooke*, 197 S.W.3d at 330, 342; *see Taylor*, 106 S.W.3d at 697.

> Section 271.152 of the Texas Local Government Code provides:
>
> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. Section 271.151(2) provides that a "contract subject to this chapter" means: "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity[.]" *Id.* § 271.151(2)(A); *see Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at *2 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (stating that a school district's immunity from suit was waived under section 271.152 because the contract between the district and a construction company was for the provision of goods and services).

## DISCUSSION

The District argues the trial court lacks subject matter jurisdiction because, according to the TEA, the PSA was unauthorized by law and improperly executed. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(2), 271.152. From this point, the District argues: (1) an unauthorized and improperly executed contract with a school district is void, and (2) the immunity waiver of Local

- 4 -

Government Code section 271.152 does not apply to a void contract so as to confer subject matter jurisdiction on the trial court. *See TXU Energy Retail Co. v. Fort Bend Indep. Sch. Dist.*, 472 S.W.3d 462, 466 (Tex. App.—Dallas 2015, no pet.) (determining an agreement between a school district and a utility company was void because it violated the competitive bidding requirements under section 44.031 of the Education Code and holding that the section 271.152 waiver of immunity was, therefore, inapplicable). However, neither the District nor Jasmine Engineering assert that the PSA was, in fact, entered or amended in violation of law. The District sidesteps the matter and states in its plea and appellate briefing: "The District's recitation of the conclusions reached by [the] TEA should not be construed as the District's agreement with the findings." Jasmine Engineering asserts that the TEA cannot determine the validity of the PSA and, if the matter were properly before the trial court, Jasmine Engineering would argue waiver and other legal theories that would take the decision out of the trial court's purview.[2]

The District insists it is enough that the TEA determined the PSA was unauthorized by law and improperly executed to deprive the trial court of jurisdiction. However, the District has provided no authority to suggest that the trial court must adopt the TEA's legal determinations. While it is true that the TEA has the statutory authority to initiate investigations into contracting matters, make findings, and impose sanctions pursuant to its findings, *see* TEX. EDUC. CODE ANN. § 39.057, these powers do not imply that the TEA's findings bind the trial court or the parties in a contract dispute, so as to deprive a trial court of jurisdiction.

The trial court, as a court of general jurisdiction, is presumed to have subject matter jurisdiction absent a contrary showing that the Texas Constitution or other law has conferred

---

[2] Jasmine Engineering has not enumerated its arguments in full because the matter of validity was not before the trial court. Jasmine Engineering also requests the opportunity to replead its claims against individual school board members if necessary.

jurisdiction on another court, tribunal, or administrative body. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *see also* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.007–.008. "[T]here is no presumption that administrative agencies are authorized to resolve disputes. Rather, they may exercise only those powers the law, in clear and express statutory language, confers upon them." *Subaru*, 84 S.W.3d at 220. Even in instances where agencies are authorized to determine disputes, courts and administrative agencies *both* may have authority to make determinations. *See id.* at 221. In fact, an agency purporting to hold exclusive interpretive authority as to legal matters may run afoul of the separation of powers. *See Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570, 579 (Tex. 2013) (determining constitutional grant of interpretive authority to executive agencies did not place the agencies' interpretations beyond judicial review and explaining that the argument for exclusive agency interpretation violated the requirement that exceptions to the separation of powers be expressly stated).

Ultimately, neither we nor the trial court have been asked to determine, as a matter of law, whether the PSA was entered or amended in violation of contracting statutes. The parties have not briefed the issue and have presented little competent evidence on the matter. The TEA's final report states that its findings are the result of an analysis of documents and interviews. The record contains none of the underlying documents referenced in the TEA's report, other than the PSA as amended. Under these circumstances, the District has not met its initial burden to present evidence establishing that the PSA was entered or amended in violation of the law, such that the trial court lacked jurisdiction. *See Miranda*, 133 S.W.3d at 228.[3] Therefore, the trial court properly denied

---

[3] Because we hold that the District has not established the PSA was entered or amended in violation of the law, we do not reach the questions of: (1) whether a school district's contract entered in violation of the law is void, and (2) whether the waiver of immunity afforded by Local Government Code section 271.152 is inapplicable to a void school-district contract.

the District's third plea to the jurisdiction because the evidence the District presented, consisting of the PSA and the TEA's investigative report, does not establish that the trial court lacks subject matter jurisdiction. *See id.*

## CONCLUSION

We affirm the trial court's order denying the District's third plea to the jurisdiction and remand the cause for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice