In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00144-CV**

**BEAUMONT INDEPENDENT SCHOOL DISRICT, Appellant**

**V.**

**LRG-LOSS RECOVERY GROUP LLC AND
RANDALL HARRIS, Appellees**

**On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A190049-C**

**MEMORANDUM OPINION**

This is an accelerated appeal of a denial of a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (permitting interlocutory appeals from rulings on a governmental unit's plea to the jurisdiction); Tex. Loc. Gov't Code Ann. §§ 271.151-160 ("Chapter 271, Subchapter I," setting forth the requirements for adjudication of claims arising under written contracts with local governmental entities); Tex. R. App. P. 28.1(a) (providing rules for accelerated appeals). Appellant

Beaumont Independent School District ("BISD" or "Appellant") appeals from the trial court's denial of its Plea to the Jurisdiction based on governmental immunity. Because we conclude that the contract at issue is covered by the waiver of governmental immunity expressly provided for in Chapter 271, we affirm.

Plaintiffs' Original Petition

On February 11, 2019, Plaintiffs LRG-Loss Recovery Group LLC ("LRG") and Randall Harris (collectively "Plaintiffs" or "Appellees") filed their Original Petition against Defendant BISD. Harris is a licensed public adjuster and the owner and operator of LRG. LRG later filed several amended petitions. LRG's Second Amended Petition added six defendants: Westchester Surplus Lines Insurance Company ("Westchester"), Axis Surplus Insurance Company ("Axis"), Underwriters at Lloyd's of London ("Lloyd's"), Endurance American Specialty Insurance Company ("Endurance"), Peleus Insurance Company ("Peleus"), and Evanston Insurance Company ("Evanston") (collectively "the Insurers").[1]

---

[1] BISD included a Motion to Transfer Venue in its Original Answer seeking to transfer the case to Jefferson County, Texas. The record is silent on whether the trial court ruled on venue and the parties have not raised a question about venue in this appeal. BISD did not include a motion to transfer venue in its Answer to the Second Amended Petition or its Answer to the Third Amended Petition. The parties filed a Joint Motion to Dismiss Claims Against Defendant Insurers with Prejudice on November 11, 2021. These claims were settled and dismissed. We discuss the Insurers only as necessary for context.

In their Fourth Amended Petition, Plaintiffs' only claim against BISD was for a breach of contract. According to Plaintiffs, the dispute arose from a contract ("the Contract") wherein BISD "agreed to pay Plaintiff[s] to represent and assist in the process of investigating, filing, negotiating and adjusting the claims" BISD made for physical loss to Central Medical Magnet High School ("CMMHS" or "the Property") in Beaumont, Texas, from Hurricane Harvey in 2017. Plaintiffs alleged that, under the Contract, Plaintiffs' compensation would be calculated on a contingency basis, and upon settlement and payment of a claim, Plaintiffs would be paid 9% of the overall settlement. The Petition alleged that Axis was defined as "the lead insurance policy applicable to the claim[]" and the other Insurers were "members with Axis on the coverage and were affiliates of Axis, generally referred to as the Market[,]" and the Market retained McLarens, Inc. to adjust the claim. According to the Petition, "each insurance company participated in their pro-rata share" as to coverage for the claim.

Plaintiffs alleged that at some point, LRG demonstrated the damages exceeded "$2.5 Million wind driven rain sub-limit and that BISD had suffered more than $1 Million in mold and $1 Million in extra expense, which were all covered under BISD's policies." Plaintiffs alleged that it negotiated with the Insurers, and the Insurers issued "payments [] to BISD that included LRG as a named payee[,]" including a check for $300,000 from Axis to BISD and LRG, a check for $100,000

3

from Peleus to BISD and LRG, and a check for $100,000 from McLarens to BISD and LRG. Plaintiffs alleged that they did not endorse any of these checks, did not authorize the checks to be negotiated on their behalf, and they were not paid anything from the checks.

The Plaintiffs alleged that in June 2018, BISD's attorney sent a letter to LRG terminating LRG from the Contract and threatening litigation. According to the Petition, BISD's attorney also instructed BISD's Insurers to stop communicating with LRG. In addition, the Plaintiffs alleged that "BISD's attorney [] took the position that BISD's Hurricane Harvey claim was limited to $4.5 Million and that BISD was not entitled to any coverage for the flood or storm created openings at the Property." According to the Plaintiffs, there was "far more than $4.5 Million in storm damage" and "BISD's insurers then conspired with BISD's attorney to remove LRG from the claim." Plaintiffs alleged that the Insurers "cut off communications with LRG and removed LRG from future payments despite knowing that LRG was entitled to a percentage of all recoveries by BISD."

Plaintiffs alleged that BISD "breached the contract by refusing to pay Plaintiff[s] from proceeds [BISD] received from its insurance carrier[]" and that Plaintiffs suffered damages in excess of $400,000. In the alternative, if BISD

4

disputed the terms of the Contract, Plaintiffs pleaded ambiguity and sought to have the terms determined by the jury.[2] Plaintiffs also sought attorney's fees.

In BISD's Answers, BISD asserted a general denial and various affirmative defenses including its entitlement to governmental immunity from Plaintiffs' breach of contract claim.

<u>BISD's Combined Motion for Summary Judgment and Plea to the Jurisdiction</u>

BISD filed a Combined Motion for Summary Judgment and Plea to the Jurisdiction ("Plea to the Jurisdiction"). Therein, BISD admitted it had a contract with Plaintiffs and described the Contract between BISD and the Plaintiffs as one "to adjust Hurricane Harvey insurance claims expressly limited to claims paid by Axis" on BISD's Property, for which BISD would pay Plaintiffs 9% of the claims paid by Axis only and not for claims paid by other insurance carriers or on other BISD properties. BISD argued that the Contract at issue is covered by Chapter 271 of the Texas Local Government Code, which limits a party's recovery to "the

---

[2] Plaintiffs' earlier Petitions asserted tort and equitable claims, but those claims were not included in the Fourth Amended Petition, the live petition at the time the trial court initially ruled on BISD's Plea to the Jurisdiction. The Plaintiffs filed a Fifth Amended Original Petition after the trial court denied BISD's motion for summary judgment and plea to the jurisdiction. BISD then filed a renewed motion and plea. The Plaintiffs pleaded a waiver of immunity in the Fifth Amended Original Petition stating "BISD's governmental immunity has been waived by the legislature with regard to the claim made the basis of this lawsuit. Tex. Gov't Code §271.152." BISD never challenged any of the Plaintiffs' pleadings for failure to plead waiver.

balance due and owed by the local government entity under the contract[.]" *See* Tex. Loc. Gov't Code Ann. § 271.153(a)(1). According to BISD, Plaintiffs failed to identify a "balance due and owed" by BISD under the Contract, and for this reason, BISD retains its governmental immunity.

According to BISD, after Hurricane Harvey, BISD's Board of Managers authorized the Superintendent, Dr. John Frossard, to secure vendors to protect BISD. Thereafter, BISD entered into the Contract with Harris and LRG to represent BISD with claims for loss or damage that resulted from Hurricane Harvey at CMMHS. BISD asserted that the Contract with LRG identified Axis as the only "Insurer[,]" and Axis is not and never has been a subsidiary or affiliate of the other Insurers involved in the lawsuit, nor is there a "member" or "member company" relationship between Axis and the other Insurers in the lawsuit. BISD alleged it terminated the Contract with LRG and Harris in June 2018 because the "Plaintiffs had materially failed to perform their duties under the Contract." According to BISD, Plaintiffs' subsequent demand letter did not identify a balance due and owing under the Contract nor had Plaintiffs identified a balance due and owing in their discovery responses. Therefore, BISD argued that damages are not recoverable under Chapter 271 because Plaintiffs have not shown and cannot show an amount due and owing under the Contract. BISD asked the trial court to grant its Plea to the Jurisdiction and dismiss Plaintiffs' breach of contract claim with prejudice for lack of jurisdiction.

6

Attached to BISD's Plea to the Jurisdiction were various exhibits, including: a transcript of the deposition of Cheryl Hernandez, the Chief Financial Officer for BISD; a transcript of the deposition of Randall Harris; a Public Adjuster Contract ("the Contract") executed by BISD and Randall Harris; a letter dated June 19, 2018, terminating the Contract; and a demand letter dated July 12, 2018 to BISD from LRG's counsel. The Contract identified the "insurer(s) of the property" as "Axis Surplus Insurance Company" and the Policy Number as EAF752171-17. The Contract further stated that it was for assistance with claims for loss or damage resulting from Hurricane Harvey "solely to property commonly referred to as Central Medical Magnet High School at 88 Jaguar Drive and 3410 Austin Street, Beaumont TX 77702[.]"

Plaintiffs' Response and Opposition to Defendant BISD's Combined Motion for Summary Judgment and Plea to the Jurisdiction

In their Response to BISD's Plea, Plaintiffs argued that BISD was not entitled to summary judgment because there were genuine issues of material fact regarding the scope of the Contract and "whether the damages for [] breach of Contract are unquantifiable[,]" and because BISD's immunity from suit had been waived as a matter of law. LRG also argued that ambiguities in the Contract should be decided by a jury.

According to Plaintiffs, CMMHS suffered severe, possibly catastrophic, damage as a result of Hurricane Harvey, and other BISD properties suffered "lesser

7

damage." Plaintiffs alleged that "BISD 'was in a state of emergency' after the storm, and authorized its Superintendent, Dr. John Frossard [] 'to secure vendors to protect the District.'" Citing Cheryl Hernandez's deposition testimony, Plaintiffs stated that BISD's insurance at the time of the hurricane was a "market share policy" comprised of a group of insurers where each insurer in the group bears a percentage of the risk. According to Plaintiffs, the initial inspections of BISD schools after the hurricane determined that, although there was damage to numerous schools, CMMHS was the most severely damaged campus and the only school where the damage would be likely to exceed the deductible.

Plaintiffs acknowledged that the signed Contract "cabins the scope of LRG's duties to services performed with respect to [CMMHS]." As of March 29, 2019, the Market had paid $4,500,000 on BISD's Hurricane Harvey claim, all of which was with respect to CMMHS, that 9% of the amount paid is $405,000, and if restricted to the amounts paid by Axis, the 9% owed is $121,000.

In addition, Plaintiffs argued that BISD's Plea to the Jurisdiction challenged the existence of jurisdictional facts. Plaintiffs argued that the evidence reflects that there is a dispute about the material jurisdictional facts that precludes granting the Plea to the Jurisdiction, specifically whether the Contract limits Plaintiffs' fee to payments made by Axis and what compensation is due to LRG under the Contract.

<u>BISD's Objections to Plaintiffs' Evidence and Reply to Plaintiffs' Response to
BISD's Combined Motion
for Summary Judgment and Plea to the Jurisdiction</u>

BISD filed a reply, including objections to Plaintiffs' evidence. Therein, BISD argued that Plaintiffs filed "unauthenticated and inadmissible documents" attached as exhibits to Plaintiffs' attorney's affidavit. BISD also argued that any ambiguity in the Contract should be construed strictly against the Plaintiffs, who drafted the Contract. In addition, BISD argued that the uncontroverted affidavit of an Axis representative confirms that Axis made payments to BISD for damages at four campuses and Axis did not segregate those payments by facility.

After a hearing, the trial court denied the Plea to the Jurisdiction on April 29, 2022. Thereafter, Plaintiffs filed their Fifth Amended Petition, and BISD filed a Motion for Reconsideration of Order Denying Plea and Submission of Additional Ground Challenging Subject Matter Jurisdiction (hereinafter, "renewed Plea to the Jurisdiction").

<u>BISD's Renewed Plea to the Jurisdiction</u>

In its renewed Plea to the Jurisdiction, BISD argued that the trial court lacked subject matter jurisdiction over the Plaintiffs' claim because "the Contract is void as it was not procured pursuant to Chapter 44 of the Texas Education Code." Chapter 44 of the Education Code requires public school districts to competitively procure contracts valued at $50,000 or more, and a contract procured not in compliance with

9

the Code is void. *See* Tex. Educ. Code Ann. § 44.031(a); *TXU Energy Retail Co., LLC v. Fort Bend Indep. Sch. Dist.*, 472 S.W.3d 462, 466 (Tex. App.—Dallas 2015, no pet.). According to BISD's renewed Plea to the Jurisdiction, section 44.031 contains "a narrow carve-out for contracts for the replacement or repair of equipment due to unforeseen catastrophes and emergencies[,]" citing Texas Education Code section 44.031(h). In this case, BISD's Board of Managers adopted a resolution shortly after Hurricane Harvey to permit the Superintendent to "approve purchases to remediate, restore and secure" BISD facilities. However, BISD argued that the Contract at issue was not to replace or repair school equipment or facilities but rather "to adjust insurance claims for loss or damage" to BISD's CMMHS campus, which is not covered under the "carve-out" in subsection (h). BISD argued that because competitive bidding is mandatory under the Education Code, the Contract at issue in this case was required to be procured competitively—and because it was not, the Contract is void as a matter of law, and BISD retains immunity from Plaintiffs' breach of contract claim.

<u>Plaintiffs' Response to BISD's Renewed Plea to the Jurisdiction</u>

In their response, Plaintiffs argued that the trial court could not grant BISD's renewed Plea to the Jurisdiction on the new grounds that BISD asserted because genuine issues exist on the jurisdictional facts. Plaintiffs argued that section 44.031(g) of the Education Code states that the competitive bidding requirements do

10

not apply for a contract for professional services, and BISD had made no effort to show that the contract was not for professional services. Plaintiffs argued that insurance adjusters are licensed and regulated by the State, and that "public adjusters are frequently described as insurance professionals[,]" citing to cases from federal or courts of other states.[3] According to the Plaintiffs, if its arguments do not establish as a matter of law that Harris and LRG provided "professional services," then the issue is a fact issue for a jury to decide and the trial court must deny BISD's renewed Plea to the Jurisdiction.

In addition, Plaintiffs argued that section 44.031(a) only applies to contracts "valued at $50,000 or more in the aggregate for each 12-month period[]" and the Contract in this case is open-ended and does not contemplate any payment within a 12-month period. According to Plaintiffs, "LRG's contract with BISD had no quantifiable 'value' for purposes of § 44.031(a)."

Plaintiffs also argued that the evidence reflects that, before the parties entered into the Contract, BISD considered other proposals before the Superintendent signed the Contract. Therefore, BISD selected LRG "through a competitive, if contextually

_____

[3] Plaintiffs cited the following cases: *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 860 F. App'x 315, 316 (5th Cir. 2021); *L&S Tri Star Inv'rs, LLC v. Certain Underwriters at Lloyd's*, No. SA-18-CA-1278-OLG, 2019 U.S. Dist. LEXIS 106101, at *2 (W.D. Tex. Apr. 2, 2019); *Kingshill Hosp., Inc. v. Am. Econ. Ins. Co.*, No. 5:18-cv-520-OC-30PRL, 2018 U.S. Dist. LEXIS 208084, at *4 (M.D. Fla. Dec. 5, 2018); *Singer v. Cont'l Cas. Co.*, Civ. No. 16-01138, 2016 U.S. Dist. LEXIS 82286, at *8 (E.D. Pa. June 24, 2016).

11

streamlined, process." In addition, Plaintiffs argued that BISD had not explained why its theory that the Contract was void under Chapter 44 "would go to subject matter jurisdiction rather than to the merits of LRG's claim[.]"

BISD's renewed Plea to the Jurisdiction was overruled by operation of law. *See Blevins v. Bishai*, No. 09-16-00071-CV, 2017 Tex. App. LEXIS 3524, at *16 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.) (explaining that plaintiff's motion for reconsideration was overruled by operation of law) (citing Tex. R. Civ. P. 329b(c)). This appeal followed.

Issues

In three issues, BISD challenges the trial court's denial of its Plea to the Jurisdiction. In issue one, BISD argues that it is immune from LRG's breach of contract claim because the Contract was not procured pursuant to Chapter 44 of the Texas Education Code. According to BISD, the Contract was valued at more than $50,000 but was not procured by obtaining competitive bids, as required by Chapter 44. BISD argues that because the Contract was not competitively procured, it was void as a matter of law, and LRG's breach of contract claim must be dismissed for want of jurisdiction.

In issue two, BISD argues that the trial court erred in admitting and considering LRG's response evidence because the evidence was not properly authenticated nor cumulative of properly admitted evidence. Specifically, BISD

12

challenges the admission of a declaration by Harris because it is not sworn, and because it contains no evidence authenticating "Exhibit 9"—a document the declaration described as a "Commercial Property Loss Report generated by Crawford & Company." BISD argues that because of these deficits, "Harris's declaration does not equate to personal knowledge and is inadmissible hearsay." BISD also challenges the affidavit of Plaintiffs' counsel and exhibits attached thereto as inadmissible hearsay and argues that Plaintiffs' counsel had no personal knowledge of those exhibits.

In issue three, BISD argues that the trial court erred in denying its combined Motion for Summary Judgment and Plea to the Jurisdiction because LRG failed to offer any competent evidence of damages within the scope of the Contract, and Plaintiffs failed to prove a balance due and owing under the Contract. According to BISD, Plaintiffs' claim for payments by insurers other than Axis are outside the scope of the Contract.

Appellant asks this Court to reverse the trial court's Order denying its Combined Motion for Summary Judgment and Plea to the Jurisdiction, to render judgment in BISD's favor, and to issue a mandate providing for the dismissal of Appellees' breach of contract claim against BISD with prejudice.

13

## Standard of Review

The existence of subject-matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We exercise de novo review of a trial court's ruling on a plea. *See Miranda*, 133 S.W.3d at 226, 228; *Woodway Drive LLC v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.), *superseded by statute on other grounds as stated in Town & Country, L.C. v. Harris Cty. Appraisal Dist.*, 461 S.W.3d 208, 212 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Where a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *See Miranda*, 133 S.W.3d at 227. The movant must meet the summary-judgment standard of proof by conclusively demonstrating that the trial court lacks subject matter jurisdiction. *See id.* at 227-28. We credit as true all evidence favoring the nonmovant and draw all reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court may not grant the plea, and the fact issue will be resolved at trial by the factfinder. *Id.* at 227-28. If relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial

court rules on the plea as a matter of law. *Id.* at 228. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Matters of statutory construction are questions of law that we review de novo. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 700 (Tex. 2015); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). Statutory waivers of immunity are to be construed narrowly. *See Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (citing Tex. Gov't Code Ann. § 311.034). When construing a statute that purportedly waives immunity, we generally engage in a heavy presumption in favor of immunity and resolve ambiguities in favor of retaining immunity. *See Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844 (Tex. 2009) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003)); *Gay v. City of Wichita Falls*, 457 S.W.3d 499, 504 (Tex. App.—El Paso 2014, no pet.) ("There is a 'heavy presumption' in favor of immunity.") (quoting *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007)).

## Governmental Immunity

Governmental units, including municipalities, are immune from suit unless the State consents. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Miranda*, 133 S.W.3d at 224). The Local Government Contract Claims Act outlines the conditions under which immunity is waived from contract suits for local governmental entities. *See* Tex. Loc. Gov't Code Ann. §§ 271.151-.160 ("Chapter 271, Subchapter I"). There is a "heavy presumption in favor of immunity[,]" and a statutory waiver of sovereign immunity must be "clear and unambiguous[.]" *See* Tex. Gov't Code Ann. § 311.034; *City of Galveston*, 217 S.W.3d at 469. A plea to the jurisdiction challenges the trial court's subject matter jurisdiction over a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Pineda v. City of Houston*, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Under Chapter 271, Subchapter I, the Legislature has expressly waived governmental immunity for certain contracts with a governmental entity. Tex. Loc. Gov't Code Ann. § 271.152. Section 271.151(2)(A) provides that a contract under Chapter 271 must be in writing, it must state the essential terms of the agreement, the contract must be for the provision of goods or services to the local governmental entity, and the contract must be "properly executed" on behalf of the governmental

16

entity. *See id.* § 271.151(2)(A); *see also City of Houston v. Williams*, 353 S.W.3d 128, 135 (Tex. 2011); *ICI Constr., Inc. v. Orangefield Indep. Sch. Dist.*, 339 S.W.3d 235, 239-40 (Tex. App.—Beaumont 2011, no pet.). A public school district is a government entity under the statute. *See* Tex. Loc. Gov't Code Ann. § 271.151(3)(B); *see also El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 526 (Tex. 2020) ("Public school districts are generally entitled to governmental immunity from liability and suit.").

### Was the Contract Properly Procured Under Chapter 44?

BISD argues in its first issue that it is immune from Appellees' breach of contract claim because the Contract was not competitively procured as required by Chapter 44 of the Texas Education Code, the Contract is void as a matter of law, and BISD retains its immunity from Appellees' breach of contract claim because the Contract was not "properly executed" as required by Chapter 271, Subchapter I.

Section 44.031 of the Education Code requires that school district contracts valued at $50,000 or more for a 12-month period must be procured by whichever of the following methods provides the best value for the school district:

> (1) competitive bidding for services other than construction services;
> (2) competitive sealed proposals for services other than construction services;
> (3) a request for proposals, for services other than construction services;
> (4) an interlocal contract;
> (5) a method provided by Chapter 2269, Government Code, for construction services;

17

(6) the reverse auction procedure as defined by Section 2155.062(d), Government Code; or

(7) the formation of a political subdivision corporation under Section 304.001, Local Government Code.

Tex. Educ. Code Ann. § 44.031(a). According to BISD, because no competitive bidding process occurred as required by section 44.031(a)(1), the Contract was not statutorily authorized, was void as a matter of law, and did not waive BISD's immunity. In *TXU Energy Retail Co., LLC v. Fort Bend Independent School District*, the Dallas Court of Appeals affirmed the trial court's grant of the school district's plea to the jurisdiction, concluding that the school district had not waived immunity because the contract at issue was not procured through competitive bidding. 472 S.W.3d at 466-67. The Dallas Court stated "[c]ompliance with competitive bidding statutes is mandatory, and if the requirements of the law are not met, the contract is void." *Id.* at 466.

The parties do not dispute that the Contract was not competitively procured, but they do dispute whether a statutory exception applies. BISD acknowledges that section 44.031 includes what it describes as a "narrow carve-out for contracts for the replacement or repair of equipment due to unforeseen catastrophes and emergencies:"

> If school equipment or a part of a school facility or personal property is destroyed or severely damaged or, as a result of an unforeseen catastrophe or emergency, undergoes major operational or structural failure, and the board of trustees determines that the delay posed by the methods provided for in this section would prevent or substantially

18

impair the conduct of classes or other essential school activities, then contracts for the replacement or repair of the equipment or the part of the school facility may be made by methods other than those required by this section.

Tex. Educ. Code Ann. § 44.031(h).[4] The appellate record includes a Resolution of the Board of Managers of the Beaumont Independent School District Regarding Immediate Needs Associated with Hurricane Harvey ("the Resolution") that was passed by unanimous vote on September 8, 2017. The Resolution quotes subsection (h) of section 44.031 and notes that BISD sustained "catastrophic loss and damage" due to Hurricane Harvey, including the lack of clean and safe running water and unsafe facility conditions, and that it was necessary to address damage and begin remediation immediately. The Resolution gives the Superintendent authority to "approve purchases to remediate, restore, and secure the facilities of the District" and waived the $50,000 limit established by policy "until further action by the Board of Managers[.]" The Resolution further states that the purchasing methods provided

---

[4] Section 44.031 includes two versions of subsection (h). *See* Tex. Educ. Code Ann. § 44.031(h). The other subsection (h) reads:

> If school equipment, a school facility, or a portion of a school facility is destroyed, severely damaged, or experiences a major unforeseen operational or structural failure, and the board of trustees determines that the delay posed by the contract methods required by this section would prevent or substantially impair the conduct of classes or other essential school activities, then contracts for the replacement or repair of the equipment, school facility, or portion of the school facility may be made by a method other than the methods required by this section.

*Id.* The differences between the two versions of subsection (h) are not material to the issues in this appeal.

in section 44.031 "would prevent or substantially impair the conduct of classes or other essential school activities[,]" and resolved that "contracts for the replacement or repair of the equipment, school facility, or the part of the school facility may be made by methods other than those required by Education Code 44.031[.]"

BISD argues that the "carve-out" in 44.031 subsection (h) does not apply to this contract with Appellees because "the contract was not for Appellees to replace or repair school equipment or facilities, but rather to *adjust insurance claims* for loss or damage to BISD's [CMMHS] campus."[5] We agree. The Contract in this case stated that Harris and LRG would "represent and assist in the process of investigating, filing, negotiating and adjustment of all applicable claims for loss or damage" to BISD property after Hurricane Harvey. Subsection (h) does not apply because the Contract with Appellees was for adjusting insurance claims, and not for the replacement and repair of school equipment or facilities. *See id.*

Next, BISD argues that the "professional services" subsection provided in section 44.031(f) does not apply because the insurance adjusting services provided by the Appellees do not fit within the services described therein. That subsection provides

> [t]his section does not apply to a contract for professional services rendered, including services of an architect, attorney, certified public accountant, engineer, or fiscal agent. A school district may, at its option, contract for professional services rendered by a financial

---

[5] Emphasis in original.

consultant or a technology consultant in the manner provided by Section 2254.003, Government Code, in lieu of the methods provided by this section.

*See* Tex. Educ. Code Ann. § 44.031(f).

Appellees disagree and argue their services fall within subsection (h). Appellees point to several federal court cases where courts have described public adjusters as "insurance professionals." *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 860 F. App'x 315, 316 (5th Cir. 2021) (describing a public insurance adjuster as "a professional who handles claims made with insurance companies on behalf of policy holders[]"); *L&S Tri Star Inv'rs, LLC v. Certain Underwriters at Lloyd's*, No. SA-18-CA-1278-OLG, 2019 U.S. Dist. LEXIS 106101, at *2 (W.D. Tex. Apr. 2, 2019 (stating that "Petitioner [] retained the services of a professional public adjuster" for assistance with insurance claims), *adopted by* 2019 U.S. Dist. LEXIS 106103 (W.D. Tex. Apr. 25, 2019). And Appellees argue that the services they provided to BISD were "professional services," and that BISD bears the burden to demonstrate that the services provided by Harris and LRG are not "professional services" as defined by the statute. Appellees emphasize that BISD told the trial court that Harris and LRG "contracted with BISD to provide professional public adjusting work to the school district following Hurricane Harvey[]" and referred to Harris and LRG as a "professional public adjuster[.]"

Section 44.031(f) states that this section does not apply to a contract "for professional services rendered, including services of an architect, attorney, certified public accountant, engineer or fiscal agent." Tex. Educ. Code Ann. § 44.031(f). Under the statutory rules of construction, "'[i]ncludes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded." *See* Tex. Gov't Code Ann. § 311.005(13). So, the list of professions enumerated in subsection (f) is not exclusive. *Id.*

The Insurance Code provides the licensing requirements for adjusters and public insurance adjusters in Title 13, "Regulation of Professionals[.]" *See* Tex. Ins. Code Ann., Title 13, Ch. 4101 ("Insurance Adjusters"), 4102 ("Public Insurance Adjusters"). Therefore, the Legislature has determined that insurance adjusters and public insurance adjusters are considered "professionals." *See id.* We conclude that BISD has not met its burden to show that insurance adjusters are not "professionals" under section 44.031(f). Because section 44.031(f) exempts contracts for professional services from the competitive bidding requirements in 44.031(a), then no competitive bidding was required for procurement of the Contract in this case. *See* Tex. Educ. Code Ann. § 44.031(f).

## Was the Contract Properly Executed Under Section 271.151?

The relevant portion of section 271.151 defines a "[c]ontract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is *properly executed* on behalf of the local governmental entity[.]" Tex. Loc. Gov't Code Ann. § 271.151(2)(A) (emphasis added). The statute does not define "properly executed," but the Texas Supreme Court has explained that "a contract is *properly* executed when it is executed in accord with the statutes and regulations prescribing that authority." *Amex Props., LLC*, 602 S.W.3d at 532. The only complaint as to "proper execution" raised by BISD pertains to the alleged failure to comply with section 44.031's competitive bidding procedure. As stated above, section 44.031(f) exempts contracts for professional services from the competitive bidding process, and therefore we conclude that BISD has not shown that the Contract was void because it was not "properly executed" as required by section 271.151(2)(A). *See* Tex. Loc. Gov't Code Ann. § 271.151(2)(A); *Williams*, 353 S.W.3d at 135. We overrule Appellant's first issue.

## Did Plaintiffs Allege a Balance Due and Owed Under the Contract?

In its third issue, Appellant argues that the trial court erred in denying its initial Plea to the Jurisdiction because Appellees failed to offer any competent evidence of damages within the scope of the Contract and failed to prove a balance due and

23

owing under the Contract. According to Appellant, Appellees are seeking damages for payments by insurers other than Axis, which are outside the scope of permissible damages under the Contract because section 271.153 limits recoverable damages to "the balance due and owed by the local governmental entity under the contract." *See* Tex. Loc. Gov't Code Ann. § 271.153(a)(1). BISD argues that the Contract is not ambiguous, and it limits Appellees' compensation to "payments made by the 'Insurer' (Axis) 'solely' arising from damage incurred" at CMMHS. Appellant argues in the alternative that any ambiguity should be construed against Appellees, who drafted the Contract. Appellant also argues that Appellees did not plead a balance due and owed in their Fourth Amended Petition, they "have not and cannot calculate payment due" for services allegedly provided under the Contract, and they have not produced evidence identifying a balance due and owed by BISD.

We disagree with the position taken by BISD for several reasons. First, the pleadings and unchallenged evidence filed by both parties show that BISD agreed that the Contract would allow the Plaintiffs a 9% fee for payments made from at least Axis, and the Plaintiffs alleged they have not been paid anything. Second, whether the Contract also allows the Plaintiffs a 9% fee for payments made by other Market Insurers for CMMHS or a fee for all BISD properties is a fact issue which must be decided by the factfinder. Moreover, the fact the amount due under the contract is still left to be determined does not necessarily implicate jurisdiction.

24

The Texas Supreme Court has explained that the purpose of a plea to the jurisdiction is to defeat an action "'without regard to whether the claims asserted have merit.'" *See Garcia*, 372 S.W.3d at 635 (quoting *Bland*, 34 S.W.3d at 554). The purpose of the plea is "not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached[]" and "a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *See Bland*, 34 S.W.3d at 554. In responding to a plea to the jurisdiction, a plaintiff is not required to prove the damages to which it believes it is entitled. *See id.* Rather, the plaintiff's burden is "to allege facts demonstrating jurisdiction," and we do not require a plaintiff to try its entire case. *See Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010); *Bland*, 34 S.W.3d at 554.

Further, under the pleadings and facts now before us, the scope of the Contract—including the amount due and owed under the Contract at issue—goes to the merits of the claim and does not implicate jurisdiction. *See City of Mason v. Blue Oak Eng'g, LLC*, No. 04-20-00227-CV, 2020 Tex. App. LEXIS 9908, at *7 & n.4 (Tex. App.—San Antonio Dec. 16, 2020, pet. denied) (mem. op.) ("As with the issue of scope, the issue of the amount, if anything, that is 'due and owed' under the [] contract goes to the merits and does not implicate jurisdiction.") (citing *City of El*

*Paso v. High Ridge Constr., Inc.*, 442 S.W.3d 660, 672 (Tex. App.—El Paso 2014, pet. denied); *see also Clear Creek Indep. Sch. Dist. v. Cotton Commercial, USA, Inc.*, 529 S.W.3d 569, 586 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (section 271.152's language does not suggest that the common law elements of breach of contract are jurisdictional).

In their Fourth Amended Petition, Plaintiffs alleged that under the Contract with BISD Plaintiffs served as a public adjuster for BISD's insurance claims after Hurricane Harvey for which Plaintiffs would receive a fee of 9% of amounts recovered. In the pleadings, Plaintiffs estimated damages to BISD's CMMHS campus to be about $3.1 million (exclusive of remediation costs) and Plaintiffs alleged the damages exceeded $3 million, which Plaintiffs regarded as covered by BISD's insurance policies. Plaintiffs also alleged that one or more insurance carriers wrote checks made payable to both BISD and LRG totaling about $500,000, but LRG alleged it has not received any of those funds. In addition, Plaintiffs alleged that BISD had been approved to receive a $1 million advance on insurance payments, as a result of Plaintiffs' work. A letter from BISD to Plaintiffs dated June 19, 2018, terminated the Contract. Plaintiffs alleged that BISD breached the Contract by refusing to pay Plaintiffs from the insurance proceeds BISD has received and that Plaintiffs suffered damages "in excess of $400,000."

Attached to BISD's Plea to the Jurisdiction is the Declaration of Chip Dickerson, a Claims Consultant for Axis. Therein, Dickerson states that Axis paid a total of $1.8 million to BISD, although the payments were not segregated by campus or school structure. Cheryl Hernandez, BISD's chief financial officer, testified in her deposition that at the time the Contract with LRG was terminated, BISD's insurer(s) had approved to pay $1 million to BISD, of which BISD received $800,000. Hernandez also testified that she recalled that Harris requested an advanced insurance payment of $3.5 million and about $4.5 million was paid. Harris's Declaration, attached to Plaintiffs' response to the Plea to the Jurisdiction, states, "BISD's Market insurers paid BISD an advance and then paid substantially more for the extensive damage to BISD for the damage to its Central High School. Yet, BISD failed and refused to pay me or LRG for the work performed pursuant to the terms of the Contract."

BISD also contends that LRG has failed to trigger section 271.152's waiver of immunity because LRG has failed to claim an amount due and owing under the Contract. A party can only recover damages within the limitations set out in section 271.153. *Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 110-11 (Tex. 2014) ("[Chapter 271] does not waive immunity from suit on a claim for damages not recoverable under Section 271.153."). More specifically, section 271.153 limits recoverable damages to "the balance due and owed by the

local governmental entity under the contract." Tex. Loc. Gov't Code Ann. § 271.153(a)(1). A "balance due and owed" is "simply the amount of damages for breach of contract payable and unpaid." *Zachry*, 449 S.W.3d at 111. Consequential damages are excluded from recovery, except for under circumstances not applicable here. *See* Tex. Loc. Govt. Code Ann. § 271.153(b)(1). Despite the parties' disagreement about the scope of the Contract, as we explained above, we conclude that the pleadings and unchallenged evidence submitted by the parties on the Plea to the Jurisdiction establish that Plaintiffs have sufficiently alleged an amount is due and owed under the Contract. *See Bland*, 34 S.W.3d at 554; *see also* Tex. Loc. Gov't Code Ann. § 251.153(a)(1). Because we do not address the merits of the claims at this stage of the litigation, we render no decision on what amount, if any, is due, or on whether Plaintiffs should prevail on their breach of contract claim, nor do we decide the scope of the Contract. *See San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 631 (Tex. 2020) (governmental immunity was waived where contractor sought damages it alleged were owed under contract, even though question of whether governmental entity was in fact required to pay additional amount under contract was still in dispute); *see also Bland*, 34 S.W.3d at 554 (plea to jurisdiction "does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction"); *City of Mason*, 2020 Tex. App. LEXIS 9908, at *7 & n.4. Even if

28

BISD is not ultimately found liable on the LRG's breach-of-contract claim, LRG was only required to plead a claim for which immunity is waived, not to establish that it would prevail. *See Zachry*, 449 S.W.3d at 110. LRG has met its burden to affirmatively demonstrate the trial court's jurisdiction.[6] We overrule Appellant's third issue.

We have not relied on any of the evidence that Appellant disputes in its second issue, and we need not address Appellant's evidentiary challenges in issue two to dispose of this appeal. *See* Tex. R. App. P. 47.1. We affirm the trial court's order denying BISD's Combined Motion for Summary Judgment and Plea to the Jurisdiction and the trial court's denial of BISD's renewed Plea to the Jurisdiction.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 10, 2023
Opinion Delivered May 18, 2023

Before Horton, Johnson & Wright, JJ.

---

[6] LRG asserted a "substantial claim" for an amount due and owing under a contract for which immunity has been waived under Chapter 271. By "substantial claim," we mean "that [LRG] [] plead[ed] facts with some evidentiary support that constitutes a claim for which immunity is waived, not that the claimant will prevail." *Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 110 (Tex. 2014).